UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| LUCRETIA A. ELLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | (Trial by jury demanded) |
| MIDLAND FUNDING, LLC; AND | ) | |
| HOLLOWAY & MOXLEY, LLP | ) | |
| | ) | |
| Defendants. | ) | |

Lucrecia Elliot alleges the following against Midland Funding, LLC ("Midland Funding") and Holloway & Moxley, LLP ("Holloway & Moxley"):

### INTRODUCTION

1.     This case underscores the flagrant disregard Midland Funding and its agent Holloway & Moxley have for federal and state law: Midland Funding, through Holloway & Moxley, is continuing attempts to collect a debt from Lucrecia Elliot in flagrant disregard of both the District Court of Tuscaloosa County, Alabama's finding that she does not owe it and the Fair Debt Collection Practices Act ("FDCPA").

2.     Midland Funding brought a claim, through Holloway & Moxley, against Lucrecia Elliot in the District Court of Tuscaloosa County, Alabama (SM-2015-900523), asserting that she owed Midland Funding a debt. This was, as is Midland Funding's practice, an attempt to collect a debt it either did not own or could not substantiate. *See generally* Consent Order, *In Re* Encore Capital Grp., Inc., File No. 2015-CFPB-0022

(Consumer Fin. Prot. Bureau Aug. 9, 2015) (describing Midland's unfair practices, including scattershot litigation of unsubstantiated debts to obtain default judgments).[1]

3.      When Lucrecia Elliot appeared to defend herself against this coercion, Midland Funding was unwilling or unable to produce any witnesses or other evidence of the underlying debt. This is typical of Midland Funding's collection practices. *See* Consent Order at 14 (finding that when consumers appear, Midland Funding has "instructed its attorneys to make one final attempt to convince the Consumer to settle before dismissing the claim"). Unsurprisingly, the District Court of Tuscaloosa, County, Alabama, entered judgment in favor of Lucrecia Elliot, finding that she did not owe Midland Funding the debt.

4.      But Midland Funding was not content to stop at using the threat of unfounded litigation to coerce payment from Lucrecia Elliot for a debt it could not substantiate. Nor was Midland Funding content to stop at filing a suit against Lucrecia Elliot even though it had no intention to present evidence or witnesses at trial. Rather, in a remarkable act of defiance, Midland Funding and Holloway & Moxley have continued their attempts to collect this debt from Lucrecia Elliot despite an adjudication—*in their own action*—that she does not owe it.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction to enforce provisions of the FDCPA, which "may be brought in any appropriate United States district court without regard to the amount in controversy." 15 U.S.C. § 1692k. As the issue arises under federal law, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] Midland Funding, LLC is a subsidiary of Encore Capital and was a named party in the consent order, available at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf.

6.     This Court has personal jurisdiction over defendants because the action arises from defendants' purposeful debt collection attempts in Tuscaloosa, Alabama, and this Court is an appropriate venue for the same reason under 28 U.S.C. § 1391(b)(2).

7.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the other claims because those claims are so closely related to the FDCPA claims as to form part of the same case or controversy.

**PARTIES**

8.     Plaintiff Lucrecia Elliot is a natural person who is a resident of this judicial district in Alabama and is a consumer as defined in 15 U.S.C. § 1692a(3).

9.     Defendant Holloway & Moxley, LLP is an Alabama limited liability partnership, with its office and principle place of business at 556 South Perry Street, Montgomery, AL 36104. Holloway & Moxley is a law firm that regularly engages in consumer-debt-collection activity in this judicial district, making it a debt collector under 15 U.S.C. § 1692a.

10.     Defendant Midland Funding, LLC is a Delaware limited liability company, with its office and principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. It is a debt collector under 15 U.S.C. § 1692a, and it engages extensively in the business of collecting debts in Alabama, including in this judicial district.

11.     At all times relevant to this action, Holloway & Moxley was acting as an agent for Midland Funding, and all actions Holloway & Moxley took were in pursuit of Midland Funding's interests.

**FAIR DEBT COLLECTION PRACTICES ACT**

12.     The FDCPA prohibits a debt collector from communicating a "false, deceptive, or misleading representation" when attempting to collect a debt. 15 U.S.C.

3

§ 1692e. It also prohibits debt collectors from engaging in unfair or unconscionable practices, along with abuse, oppression, and harassment. 15 U.S.C. §§ 1692d and l. Debt collectors are civilly liable to consumers for violations of the FDCPA. 15 U.S.C. § 1692k.

BACKGROUND INFORMATION

13.    Midland Funding buys debts in bulk at enormous discounts but makes no real effort to verify those debts are valid. It uses these debts, through debt collection law firms like Holloway & Moxley, to sue Alabama consumers under the representation that the individual owes a valid debt.

14.    But Midland Funding and Holloway & Moxley know that they will likely be unable to prove the debt if a consumer resists. Midland Funding and Holloway & Moxley also know, however, that many of these suits will produce default judgments.

15.    Thus, when consumers do appear and resist these suits, Midland Funding and Holloway & Moxley often refuse to offer evidence of the debt, forfeiting the action. As here, Midland Funding and Holloway & Moxley do not appeal these losses.

16.    Midland Funding and Holloway & Moxley know that, under Alabama law, when they lose a suit against an alleged debtor, the debt becomes uncollectable from the consumer. Midland Funding and Holloway & Moxley also know that continuing attempts to collect a judicially invalidated debt violate state and federal laws.

17.    Unconscionably and unfairly, however, Midland Funding and Holloway & Moxley continue attempts to collect some of these judicially invalidated debts. These post-adjudication debt collection attempts include false balances and deceptive offers to negotiate repayment plans, all of which is calculated to mislead the consumer into believing the debt is still valid.

### FACTS

18.     Midland Funding and Holoway & Moxley communicated to Lucrecia Elliot on several occasions before August 24, 2015 that she owed Midland Funding a debt. Among other things, those communications indicated that Midland Funding had a valid civil claim against Lucrecia Elliot for a valid debt.

19.     But Lucrecia Elliot did not owe the debt to Midland Funding, and Midland Funding and Holloway & Moxley knew that they would be unable to produce the evidence necessary to sustain a civil claim against Lucrecia Elliot for the debt. Despite this, Midland Funding, through Holloway & Moxley, sued Lucrecia Elliot in the District Court of Tuscaloosa County, Alabama (SM-2015-900523).

20.     Lucrecia Elliot challenged Midland Funding's claim. A trial date was set, giving Midland Funding ample time to organize its case. Yet Midland Funding—through Holloway & Moxley—refused to produce any witnesses or other evidence of the debt at trial. Thus, judgment was entered in favor of Lucrecia Elliot on August 24, 2015; Midland Funding did not appeal from that judgment.

21.     Despite losing at trial, Holloway & Moxley mailed a letter to Lucrecia Elliot's counsel on January 19, 2016—almost eight months after judgment in favor of Lucrecia Elliot—again attempting to collect the debt on behalf of Midland Funding. Ignoring the court's ruling, Holloway & Moxley's letter asserted that she still owed Midland Funding $1,557.73. The letter also encouraged Lucretia Elliot to negotiate a repayment plan—for a debt she had already been found not to owe.

22.     Holloway & Moxley's letter was a flagrant attempt to mislead Lucrecia Elliot into the belief that she was still subject to the debt and should negotiate a

settlement with Midland Funding. Not only was the letter misleading, but its asserted balance was blatantly false: far from owing Midland Funding $1,557.73, Lucrecia Elliot owed Midland Funding absolutely nothing.

**COUNT ONE:**
**FDCPA VIOLATIONS**

23.    Lucrecia Elliot re-alleges all prior paragraphs.

24.    The practices Midland Funding and Holloway & Moxley used while attempting to collect a debt from Lucrecia Elliot violated 15 U.S.C. § 1692f. Midland Funding and Holloway & Moxley used unfair or unconscionable practices, including:

> a.    Attempting to collect an unsubstantiated debt that Lucrecia Elliot did not owe;

> b.    Attempting to force settlement of a debt that Lucrecia Elliot did not owe through a civil action even though Midland Funding knew it would be unable or unwilling to produce evidence at the trial; and

> c.    Attempting to collect a debt from Lucrecia Elliot despite a judicial finding that she did not owe it.

25.    Midland Funding and Holloway & Moxley used false statements and deception while attempting to collect a debt, in violation of 15 U.S.C. § 1692e. These false statements and misrepresentations include:

> a.    Initial misrepresentations to Lucrecia Elliot that she owed Midland Funding a debt when Midland Funding and Holloway & Moxley knew they could not substantiate the debt;

> b.    Representations to Lucrecia Elliot that Midland Funding had a legal claim against her when Midland Funding and Holloway & Moxley

knew they would be unable or unwilling to present witnesses or other evidence of the debt at trial;

    c.    False balances in pre-adjudication communications; and

    d.    A post-judgment letter asserting that Lucrecia Elliot still owed Midland Funding a balance and should enter into a repayment plan.

26.    Midland Funding and Holloway & Moxley violated 15 U.S.C. § 1692d through their use of the above unfair debt collection practices—along with the false and deceptive statements, including the post-judgment letter—because those actions were part of a larger strategy of oppression, abuse, and harassment used in an attempt to force the settlement of a debt that Midland Funding and Holloway & Moxley knew Lucrecia Elliot did not owe to Midland Funding.

27.    As a result of Midland Funding and Holloway & Moxley's actions, Lucrecia Elliot is due statutory damages under 15 U.S.C. § 1692k.

### COUNT TWO:
### WANTON OR WILLFUL MISCONDUCT

28.    Lucrecia Elliot re-alleges all prior paragraphs.

29.    Midland Funding and Holloway & Moxley engaged in willful or wanton misconduct while trying to collect the debt from Lucrecia Elliot, including:

    a.    Making pre-judgment collection attempts with conscious disregard as to whether the underlying debt was valid;

    b.    Making post-judgment collection attempts with conscious disregard of the District Court of Tuscaloosa County's judgment—*in Midland Funding and Holloway & Moxley's own action*; and

      c.      Consciously disregarding that their false statements and deception, along with their unconscionable and unfair collection practices, violated Lucrecia Elliot's rights under the FDCPA.

30.    As a result of Midland Funding and Holloway & Moxley's willful or wanton misconduct, Lucrecia Elliot suffered unnecessary expense, distress, and inconvenience.

**COUNT THREE:**
**DEFENDANTS ENGAGED IN MALICIOUS PROSECUTION**

31.    Lucrecia Elliot re-alleges all prior paragraphs.

32.    Midland Funding and Holloway & Moxley filed and prosecuted a lawsuit against Lucrecia Elliot knowing they would not produce any evidence at trial in a malicious attempt to coerce payment from Lucrecia Elliot for a debt she did not owe.

33.    As a result of Midland Funding and Holoway & Moxley's malicious prosecution, Lucrecia Elliot suffered unnecessary expense, distress, and inconvenience.

**COUNT FOUR:**
**NEGLIGENT, WANTON, OR RECKLESS SUPERVISION**

34.    Lucrecia Elliot re-alleges all prior paragraphs.

35.    Midland Funding and Holloway & Moxley breached their duties to provide reasonable processes and supervision for their employees, associates, partners, and agents, in order to prevent the collection practices that harmed Lucrecia Elliot.

36.    Midland Funding and Holloway & Moxley consciously disregarded the danger that deficient processes or supervision for their employees, associates, partners, and agents would likely lead to wrongful collection practices, including collecting debts invalidated in their own court actions, which ultimately harmed Lucrecia Elliot.

37.     As a result of Midland Funding and Holloway & Moxley's negligent, wanton, or reckless supervision, Lucrecia Elliot suffered unnecessary expense, distress, and inconvenience.

**COUNT FOUR:**
**VICARIOUS LIABILITY**

38.     Lucrecia Elliot re-alleges all prior paragraphs.

39.     Midland Funding is vicariously liable for Holloway & Moxley's actions while attempting to collect this debt. Holloway & Moxley's collection attempts against Lucrecia Elliot were launched under the apparent authority of Midland Funding, and Holloway & Moxley's post-judgment letter was mailed to benefit Midland Funding.

40.     At all times relevant, Holloway & Moxley was acting under the apparent authority of Midland Funding; Midland Funding authorized and ratified Holloway & Moxley's actions; and Holloway & Moxley's actions were calculated to benefit Midland Funding. This includes when Holloway & Moxley:

      a.     Communicated with Lucrecia Elliot on behalf of Midland Funding pre-adjudication;

      b.     Represented Midland Funding against Lucrecia Elliot in the District Court of Tuscaloosa County, Alabama regarding the debt; and

      c.     Sent the post-judgment letter that indicated Holloway & Moxley was authorized to collect the debt on behalf of Midland Funding.

41.     Collecting debts and negotiating payment plans fall within the usual scope and character of business Holloway & Moxley conducts for Midland Funding. Upon information and belief, Holloway & Moxley collects a large volume of consumer debts for Midland Funding, including through lawsuits and settlements.

## <u>Demand</u>

Lucrecia Elliot requests that the Court enter judgment in her favor and against

Holloway & Moxley and Midland Funding as follows:

A.   Enter judgment against defendants for each violation of the FDCPA;

B.   Enter judgment against the defendants and in favor of the plaintiff for wanton or willful misconduct;

C.   Enter judgment against the defendants and in favor of the plaintiff for malicious prosecution;

D.   Enter judgment against the defendants and in favor of the plaintiff for negligent, wanton, or reckless supervision;

E.   Enjoin defendants from further attempts to collect the invalid debt;

F.   Award plaintiff the maximum statutory damages available under 15 U.S.C. § 1692k for each violation of the FDCPA in order to encourage defendants to avoid unfair debt collection practices in the future;

G.   Award appropriate compensatory damages for defendants' negligent, wanton, willful, malicious, or reckless behavior;

H.   Award punitive damages for defendants' wanton, willful, malicious, or reckless behavior, in an amount that will be sufficient to deter defendants from their current pattern of unfair and unconscionable debt collection practices against Alabama consumers; and

I.   Award costs and attorney's fees, available under 15 U.S.C. 1692(k); and

J.   Award additional relief as the Court deems just and proper.

Respectfully submitted,


 s/Yuri R. Linetsky
Yuri R. Linetsky (ASB-3088-B2oW)

CIVIL LAW CLINIC
THE UNIVERSITY OF ALABAMA SCHOOL OF LAW
Box 870392
Tuscaloosa, Alabama  35487-0392
Telephone:  205.348.4960
Facsimile:  205.348.6851
Email:  ylinetsky@law.ua.edu

Attorney for Plaintiff Lucrecia Elliot

## **JURY DEMAND**

Lucrecia A. Elliot requests a trial by jury under Fed. R. Civ. P. 38.


   s/Yuri R. Linetsky
Yuri R. Linetsky